The order below is hereby signed.

Signed: May 15, 2008.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
TAVARA SANTOS PENA,                )    Case No. 08-00043
                                   )    (Chapter 13)
        Debtor.                    )    **Not for Publication in**
                                   )    **West's Bankruptcy Reporter**

MEMORANDUM DECISION AND ORDER ADDRESSING OBJECTIONS
OF THE DEBTOR TO THE PROPOSED ORDER REGARDING THE MOTION
OF WASHINGTON MUTUAL BANK FOR RELIEF FROM THE AUTOMATIC STAY

Washington Mutual Bank filed a motion for relief from the automatic stay in this case, and at a hearing on the motion, the court directed Washington Mutual to prepare a proposed order reflecting the court's ruling.  On April 30, 2008, Washington Mutual filed a proposed order reflecting the court's ruling.

I

On May 2, 2008, the debtor filed a praecipe (docket entry number 79) objecting that the court had miscalculated the amount to be paid by the debtor.  The debtor agrees that her monthly mortgage payment obligation is $356.23.  She further concedes that she owes monthly postpetition payments for the months of February through April 2008 totaling $1068.69.  At the hearing,

the court directed that the $1068.69 was to be cured over a period of six months.  Finally, the debtor concedes that the court directed that $775 in attorneys fees were to be paid over six months.  Adding the $1068.69 and the $775 equals $1843.69.  Dividing that sum by six months equals $307.28 each month.  That is precisely the **cure amount** (to bring missed payments current and pay attorneys fees) that the proposed order directs that the debtor shall pay each month commencing May 10, 2008 and continuing through October 10, 2008.  At the hearing, the court also directed that the debtor was to resume making her **regular monthly postpetition payments** of $356.23 per month commencing with the monthly payment for the month of May 2008 on May 10, 2008.

The debtor complains that the figures are forcing the debtor to pay double, but does not explain why she thinks this is the case.  (Later praecipes, discussed below, clear up the mystery as to why she thinks this is the case, but, as discussed below, do not establish that she is being required to pay double.)  The order would not make the debtor pay double, and the objection must be overruled.

                                II

On May 12, 2008, the debtor filed two praecipes.  The first one (docket entry number 84) again objects that the proposed order would make her pay twice, but as explained above, the

proposed order does not make her pay twice.  The praecipe, however, explains how it is that the debtor has come to the mistaken belief that the proposed order would make her pay twice.  She states that it was agreed at a hearing that the amounts owed for February through April 2008 would be paid within "the next weeks."  That is not the court's recollection of what it directed at the hearing.  To the extent that the debtor pays the months of February through April 2008 now, that will be treated as a credit towards the monthly cure amount of $307.28.

                                III

The second praecipe filed on May 12, 2008, attaches two U.S. Postal Service customer receipts for money orders in the respective amount of $900.00 and $168.69, both made payable to Washington Mutual and indicating that these payments aggregating $1068.69 are intended as payments for the months of February through April 2008.  If, indeed, those payments have been made to Washington Mutual, they will be treated as a credit towards the monthly cure amount of $307.28 that the debtor is required to

make.[1]

IV

In accordance with the foregoing, it is

ORDERED that the debtor's objections to the proposed order regarding Washington Mutual's motion for relief from the automatic stay (docket entry number 45) are overruled.  It is further

ORDERED that if the debtor has already made the payments aggregating $1068.69, as reflected by the U.S. Postal Service customer receipts attached to the second praecipe (docket entry number 85) filed on May 12, 2008, then the debtor shall be entitled to have that aggregate payment of $1060.69 treated as a credit towards her obligation to make a cure payment of $307.28 each month commencing on May 10, 2008, such that:

- the cure payments due on  May 10, June 10, and July 10, 2008 (aggregating $921.84) will have been paid;
- the cure payment due on August 10, 2008 will have been partially paid in the amount of $146.85, leaving only

---

[1] The second praecipe filed on May 12, 2008, appears principally to address Washington Mutual's proof of claim setting forth a total arrearage as of January 23, 2008.  The debtor already has pending an objection to Washington Mutual's proof of claim and the court will consider the praecipe at the hearing on the objection to Washington Mutual's proof claim.  The second praecipe filed on May 12, 2008, also challenges the $775.00 in attorney's fees incurred after the commencement of the case as excessive, but the court has already ruled against the debtor on that issue.

4

    $160.43 as the unpaid balance of the cure payment due

    on August 10, 2008 (to be applied to the $775.00

    attorney fee obligation); and

- cure payments of $307.28 each will remain to be paid on September 10 and October 10, 2008, in order to complete payment of the $775.00 in attorney's fees (Washington Mutual having agreed via the terms of the proposed order it submitted that an aggregate payment of $774.99 will suffice to satisfy that debt).

It is further

  ORDERED that if the aggregate amount of $1,068.69 in postpetition money order payments was indeed paid, and instead of having the payments applied as set forth in the foregoing paragraph, the debtor may opt to amend in writing her previous direction on the money orders regarding how the $1,068.69 in payments are to be applied and direct Washington Mutual to apply the $1,068.69 instead to the amounts that are required to be paid under the other order signed today (reflecting the court's ruling regarding the motion for relief from the automatic stay) in the order in which such payments are required to be made under that order, that is, directing that the $1,068.69 be reapplied:

- first to the cure payment of $307.28 and the regular monthly payment of $356.23 due May 10, 2008; and
- then to the cure payment of $307.28 and the regular

monthly payment of $356.23 due June 10, 2008, leaving

$258.33 required to be paid on June 10, 2008,

and leaving the cure payments and regular payments for July through October 2008 still fully owed (and with regular payments due as well for the months after October 2008).  A copy of any such writing shall be sent to Washington Mutual's attorney, Gregory N. Britto.

[Signed and dated above.]

Copies to: Debtor; Chapter 13 Trustee; Gregory N. Britto, Esq.